The opinion of the Court was delivered by
O’Neall, J,
In this case, I do not think there can be any doubt, when the matter is properly examined.
In an indictment, it is not material to state anything which is not material to the offence. Here, it was an indictment for an assault and battery.
It was in a legal point of view perfectly immaterial whether it was committed on a free negro, mulatto, mustizo or a white person.
The only shades of difference are in justification or mitigation. These do not depend upon the pleading, but on the proof.
'In the Slate vs. Harden, 2 Speer, 152, note, it was said, “The only difference in the law, as to indictments for assaults and batteries upon free white men and free negroes, seems to me to consist in the different justifications which would excuse an assault and battery on one or the other.”
In the State vs. Hill, (2 Speer, 159,) an observation made by myself, led, I have no doubt, to the erroneous decision of this case. That was an indictment for the false imprisonment of a family of free negroes; and they were so described in the indictment. In one of the grounds of appeal, it was contended, that a scienter should have been alleged, in the indictment. In commenting on it, and to show that the indictment was “ ex- *3 ceptione major ,” it was said : “ There is, indeed, no distinction between an indictment for an assault and battery on, or a false imprisonment of, a free negro and a white man, unless jt is to allege, that the person, the subject of the outrage, is a free negro.”
This was a wholly unnecessary observation, and was done more to show the utter worthlessness of the objection than anything else. But the error to which it has led shows the propriety of being guarded in everything said in a- cause.
The motion is granted.
Wardlaw, Withers, Whitner and Glover, JJ., concurred.

Motion granted.